**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

GB AUCTIONS, INC., a Washington corporation,

     Plaintiff,

v.

SMITH AERONAUTICAL, LLC, a Colorado
corporation

     Defendants.

_____

**MOTION TO COMPEL**
_____

Plaintiff, GB Auctions, Inc. ("GB Auctions"), by its attorneys Timmins LLC, respectfully

submits this Motion to Compel Production of Documents against Defendant, Smith

Aeronautical, LLC and states as follows:

### I.     INTRODUCTION & RELIEF REQUESTED

Plaintiff GB Auctions served Defendant Smith Aeronautical, LLC with a third-party

subpoena for documents on July 31, 2019. The subpoena was issued from the United States

District Court of the Eastern District of Washington in connection with the case captioned, *GB*

*Auctions Inc. v. Old Republic et al*,   Case No. 2:18-cv-00237-SMJ. Defendant refused to

produce any documents when responding to the subpoena, but instead asserted a blanket right to

withhold all documents.

Accordingly, pursuant to Fed. R. Civ. P. 45(d), Plaintiff brings this motion to compel production of all documents that are responsive to its subpoena and for its reasonable costs and attorney's fees incurred in bringing the motion.

## II. STATEMENT OF FACTS

### A.     Background Facts

In November 2017, Plaintiff contracted with Old Republic Aerospace, Inc. and Old Republic Insurance Co. (collectively, "Old Republic") to insure a 1998 Beech King Aircraft Model 200 ("the Plane"). ECF No. 3 at ¶ 3. Plaintiff submitted an insurance claim after the aircraft was damaged in a hard landing in January 2018. *Id.* at ¶ 4. The parties then solicited bids from five repair facilities to determine the cost of returning the Plane to its pre-accident condition. *Id.* at ¶¶'s 5–6. Plaintiff's repair facility estimated the repairs would cost between $906,306 and $1,149,595. *Id.*

One of Old Republic's repair facilities, Straight Flight, Inc., was hired to make two separate bids. *Id.* at ¶¶'s 6–7. Ernest L. Smith IV conducted both of Straight Flight's pre-bid inspections and prepared both bids. *Id.* For its first bid, Mr. Smith estimated the Plane could be repaired for $260,000. *Id.* at ¶ 6. Several months later, after Plaintiff shared the competing bids of its repair facilities, Mr. Smith conducted a second inspection and revised his estimate upward to $314,338. *Id.*

In June 2018, Old Republic made Plaintiff a one-time only, take it or leave it offer of $314,338 in exchange for the full and complete settlement of Plaintiff's insurance claim. *Id.* at ¶ 8. Plaintiff rejected the offer and has since sued Old Republic for breach of contract, insurance bad faith, and for violating Washington's Insurance Fair Conduct Act and Consumer Protection Act. *Id.* at ¶ 9.

In addition to his role at Straight Flight, Mr. Smith is also the managing member of Defendant Smith Aeronautical, LLC. *Id.* at 7. Since completing his inspections, Old Republic has hired Mr. Smith as an expert witness to testify to the adequacy of his inspections and Old Republic's resulting settlement offer. *Id*. at ¶ 7. Mr. Smith has since produced an expert report and submitted it as part of his expert disclosures. *Id*.

Given Mr. Smith's complementary roles at both Straight Flight and Smith Aeronautical, LLC, Plaintiff served both entities with subpoenas for documents. *Id*. at ¶¶'s 9–12. In the subpoenas, Plaintiff asked the parties to produce: (1) any and all documents relating to the 2018 inspection of the Plane; (2) any and all documents relating to or regarding Plaintiff's insurance claim; and (3) "Any and all correspondence between Smith Aeronautical, LLC and/or its employees with Old Republic Insurance Co. and/or Old Republic Aerospace Inc., regarding either the 2018 inspection of, or repair estimates regarding, a Beechcraft B-200 aircraft (sn BB-1608) owned by G.B. Auctions and/or claim no. H18252355 made by G.B. Auctions." *Id.* at ¶¶'s 12–13.  Old Republic has not objected to or moved to quash the subpoenas. *Id.* at ¶ 10.

Straight Flight produced the responsive documents with objections but without withholding any documents on the basis privilege. *Id*. at ¶ 11. Defendant, however, refused to produce any documents. *Id*. at ¶ 13. In a letter explaining its decision, Defendant wrote that it did not possess any documents that were responsive to Plaintiff's first or second requests. *Id*.

In response to Plaintiff's third request for relevant communications between Defendant and Old Republic, Defendant objected "pursuant to any basis contained in Fed. R. Civ. Pro. 45(d), including but not limited to: the information is confidential; the information contains proprietary information; and, the information may contain trade secrets. Additionally, [Defendant] objects to the extent the information is protected from discovery by Fed. R. Civ.

Pro. 26(b)(4)." *Id*. Defendant then explained that "[a]s a result of the aforementioned objections, [Defendant] <u>will not be producing any documents in response to the instant subpoena</u>." *Id*. (emphasis added).

## B.      Attempt to Confer in Good Faith

On August 27, 2019, Plaintiff sent Defendant a letter requesting a discovery conference on either August 28 or August 29, 2019. *Id*. at ¶ 15. Defendant did not respond. *Id*.

On August 29, Plaintiff called Defendant and left a voicemail explaining Plaintiff's position and saying that Plaintiff intended to file a motion to compel on August 30, 2019 if it did not hear from Defendant before then in order to comply with the August 30, 2019 motion to compel deadline set by the Eastern District of Washington. *Id*. at ¶ 15. Plaintiff then sent a follow up email summarizing the contents of the phone call. *Id*. at ¶ 16.

A little later that day, Defendant sent a letter indicating that Defendant would not be able to meet and confer until September 3 or September 4. *Id*. at ¶ 17. Plaintiff sent a reply email, accepting the invitation to speak on Tuesday September 3, 2019. *Id*. at ¶ 16. Plaintiff also explained that, to comply with the Eastern District's scheduling order, it would plan on filing a motion to compel by the close of business on August 30 but intends to withdraw the motion depending on the results of the discovery conference. *Id*. at ¶ 16.

### III. ANALYSIS

## A.      Defendant Inappropriately Asserts a Blanket Right to Withhold Documents That are Directly at Issue in this Case

A motion to compel is appropriate where "a party fails to produce documents… as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The objecting party must "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Similarly, a:

person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(e)(2). In the District of Colorado "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *See Witt v. GC Servs. Ltd. P'ship*, 307 F.R.D. 554, 561 (D. Colo. 2014). "Most importantly, Rules 33 and 34 require a party to answer to the extent a discovery request is not objectionable." *Id*.

On its face, Defendant's claim that none of the responsive documents are discoverable is untenable. By choosing to hire Mr. Smith, in his capacity as the managing member of the Defendant corporation, Old Republic has put his knowledge, expertise, and the information that he relied upon when inspecting the Plane and forming his subsequent bids directly at issue in the underlying litigation. Old Republic did not object to the subpoena and has not filed a motion to quash to prevent disclosure of any purportedly privileged information. ECF No. 3 at ¶ 10.

Furthermore, Defendant did not properly explain or support its objections. Defendant did not explain how many documents were being withheld, or which documents were being withheld for which reasons. Defendant made no attempt to describe the nature or number of documents or communications in a way that would preserve its objections but allow Plaintiff to evaluate Defendant's assertions.

Instead, Defendant objected "pursuant to any basis contained in Fed. R. Civ. Pro. 45(d), including but not limited to: the information is confidential; the information contains proprietary information; and, the information may contain trade secrets" and "to the extent the information is protected from discovery by Fed. R. Civ. Pro. 26(b)(4)." ECF No. 3 at ¶ 13. This blanket claim makes it impossible for Plaintiff to assess the merits of Defendant's objections because

Defendant did not explicitly identify all of the objections it was making or even which subsections of Rules 45(d) and 26(b)(4) it was invoking.

Instead, Defendant strung together a patchwork of objections and privileges before asserting the blanket right to ignore Plaintiff's subpoena. Instead of producing the documents, attempting to produce what documents they can in a redacted form, or providing a privilege log, Defendant is refusing to comply with a valid subpoena in a way that makes engaging with the substance of their objections impossible.

**B.      Plaintiff is Entitled to Reasonable Costs and Fees Needed to Bring this Motion**

Under Rule of Civil Procedure 37(a)(5) the Court must award a prevailing "movant's reasonable expenses incurred in making the motion, including attorney's fees" except in narrow circumstances. Because there is no good cause for Defendant's decision to withhold all of the responsive documents, Rule 37 sanctions for the costs and reasonable attorney's fees incurred in bringing this motion are justified.

### IV. Conclusion

Old Republic put the responsive documents directly at issue when it hired Mr. Smith in his capacity at the Defendant corporation as its expert witness. Instead of producing the documents, Defendant made an unidentified string of objections, attempted to assert a privilege on Old Republic's behalf, and refused to produce any documents. For these reasons, Plaintiff asks the Court to grant this Motion to Compel.

RESPECTFULLY SUBMITTED this 30th day of August 2019.

**TIMMINS LLC**


*/s/  Alan Schindler*

Alan Schindler
450 East 17th Avenue, Suite 210
Denver, Colorado 80203
Tel:  (303) 592-4500
Fax:  (303) 592-04515
Email:  as@timminslaw.com

*ATTORNEYS FOR PLAINTIFF*



Plaintiff's Address:
2215 S. Hayford Road
Spokane, WA 99224